# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| TONY M. and A.M.,<br><br>**Plaintiffs,**<br><br>v.<br><br>UNITED HEALTHCARE INSURANCE COMPANY; and the EMC CORPORATION EMPLOYEE WELFARE BENEFITS PLAN,<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:19-cv-00165-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is the parties' stipulated motion to permit Plaintiffs Tony M. ("Tony") and A.M. to proceed anonymously in this case.[2] For the reasons explained below, and based upon the parties' stipulation, the court grants the motion.

## BACKGROUND

This case concerns Defendant United Healthcare Insurance Company's ("United") denial of benefits for A.M.'s care for purportedly being not medically necessary.[3] Plaintiffs' complaint provides a detailed account of the struggles A.M. went through as a minor, including suffering from and perpetrating physical abuse, sexual abuse, and assault, as well as anxiety, depression,

---

[1] ECF No. 26.
[2] ECF No. 61.
[3] ECF No. 2 (Complaint) at ¶¶ 5, 21, 27, 32.

dissociation, seizures, self-harm, a suicide attempt, and other trauma-related behaviors.[4] Plaintiffs presented extensive evidence from A.M.'s medical records in support of their appeals asserting A.M.'s care at Elk River Treatment Program should have been covered by Defendants, including sensitive and personal information about their mental health history as a minor.[5]

## LEGAL STANDARDS

Under Rule 10 of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties."[6] With respect to minors, however, Rule 5.2 provides that minors may be named by initials unless the court orders otherwise.[7] No provision in the federal rules permits "suits by persons using fictitious names" or "anonymous plaintiffs."[8] However, "exceptional circumstances" may warrant "some form of anonymity in judicial proceedings."[9] Exceptional circumstances include those "involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."[10] In deciding whether to preserve anonymity, the court weighs these exceptional circumstances against the public's interest in access to legal proceedings.[11] Courts enjoy "discretion [in] allow[ing] a plaintiff to proceed using a

---

[4] *See generally id.*
[5] *Id.* at ¶¶ 9-19, 23, 26, 30.
[6] Fed. R. Civ. P. 10(a); *see also* Fed. R. Civ. P. 17(a).
[7] Fed. R. Civ. P. 5.2(a)(3).
[8] *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989).
[9] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).
[10] *Id.* (internal quotation marks omitted).
[11] *See id.*

pseudonym."[12] If a court grants permission for plaintiffs to proceed anonymously, "it is often with the requirement that the real names of the plaintiffs be disclosed to the defense and the court but kept under seal thereafter."[13] When no permission is granted, "the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."[14]

## ANALYSIS

I. **The Court Grants Plaintiffs' Stipulated Motion to Proceed Anonymously.**

The court grants Plaintiffs' stipulated motion to proceed anonymously because this case implicates "exceptional circumstances" the Tenth Circuit and Rule 5.2 recognize as warranting anonymity. Several reasons weigh in favor of protecting Plaintiffs' anonymity in this matter. The court takes each in turn.

First, the medical records and treatment at issue in this case almost exclusively refer to A.M.'s struggles before the age of 18. Rule 5.2(a)(3) requires litigants to protect the identity of minors by, at minimum, only using the minor in question's initials when filing their pleadings. Although A.M. is no longer under the age of 18, courts recognize the appropriateness of preventing the names of children from being disclosed past the date they reach majority, particularly where they may be burdened in adulthood by their actions as minors.[15] Additionally,

---

[12] *U.S. Dep't of Just. v. Utah Dep't of Com.*, No. 2:16-cv-00611, 2017 WL 963203, at *1 (D. Utah Mar. 10, 2007) (unpublished) (citing *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979)).
[13] *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001).
[14] *Id.*
[15] *See, e.g.*, *Doe v. USD No. 237*, No. 16-cv-2801-JWL-TJJ, 2017 WL 3839416, *11 (D. Kan. Sept. 1, 2017) ("[t]he fact that Doe was a minor at all times material to the allegations of the complaint is at the forefront of the [c]ourt's analysis" when considering whether they should be

though Tony was not a minor at any relevant time, disclosure of his full name would have the impact of revealing A.M.'s identity and thus would violate the spirit of Rule 5.2(a)(3) and the policies preventing disclosure of records relating to minors.[16]

Second, a substantial portion of the record in this case is comprised of A.M.'s protected health information and records relating to their treatment. Even absent any discussion of A.M.'s age in this case, these records are protected from public disclosure by HIPAA.[17] Moreover, highly sensitive and personal medical issues experienced by A.M. constitute an "exceptional circumstance" that weighs against the disclosure of Tony and A.M.'s identities.

Finally, the identities of Tony and A.M. are known to Defendants, as Defendants were the claims administrator and insurance plan that provided coverage for Tony and A.M. at the relevant times in this case. Consequently, allowing Plaintiffs to proceed anonymously does not prejudice Defendants and the court need not order Plaintiffs to file under seal a disclosure containing the true legal names of Tony and A.M.

In sum, the public interest in access to the identities of the parties in this proceeding appears relatively limited compared to the interest in protecting the identity of a minor and

---

allowed to proceed anonymously); *N.E. v. Blue Cross Blue Shield Carolina*, No. 1:21CV684, 2023 WL 2696834, at *15 (M.D.N.C. Feb. 24, 2023) (In another ERISA case concerning mental health care, "although [plaintiff] is no longer a minor, [he] was a minor when the facts underlying this case occurred, which also weighs in favor of protecting his identity and by extension, [his parent's] identity.").

[16] *See, e.g.*, *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) (Although adult parents do not enjoy a heightened privacy interest themselves, a child "and his parents share common privacy interests based on their inseparable relationship to one another . . . Ordering disclosure of the parent's identities would place—in effect—personally identifiable and confidential information about the . . . minor in the public record.").

[17] 42 U.S.C. §1320(d).

matters of a highly sensitive and personal nature. Based on the foregoing, the court agrees with the parties that Plaintiffs should be permitted to proceed anonymously. Accordingly, Plaintiffs' stipulated motion[18] is GRANTED.

    IT IS SO ORDERED.

    DATED this 31st day of January 2025.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[18] ECF No. 61.